IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LLOYD SATERFIELD, # K-53497,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-607-GPM |
| ) | |
| **R. HERRINGTON, J. HAMILTON,** ) | |
| **and L. OAKLEY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), serving a 60-year sentence for murder (Doc. 1, p. 4). He brings this *pro se* action seeking a writ of mandamus, pursuant to 735 Illinois Compiled Statutes 5/14-101 *et seq.* (Doc. 1, p. 4).

Defendant Herrington is the prison warden, Defendant Hamilton is a correctional counselor, and Defendant Oakley is a grievance officer. Plaintiff asserts that he filed two grievances on March 18, 2013, with Defendant Hamilton, but they were not received or reviewed (Doc. 1, p. 13). He then filed other grievances with Defendant Oakley, and notified Defendant Herrington, complaining that his problems had not been resolved (Doc. 1, pp. 15-16; Doc. 1-1, pp. 1-10). More than two months have passed, and Defendants have not responded with any decision on Plaintiff's grievances (Doc. 1, p. 7). He asks this Court to compel Defendants to review his grievances and issue a decision, in accordance with the Illinois Administrative Code, title 20, § 504.820 and § 504.830 (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of a

prisoner's complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in Plaintiff's complaint, and accepting them as true, the Court concludes that this action is subject to summary dismissal for failure to state a claim upon which relief may be granted.

The writ of mandamus has been abolished. *See* FED. R. CIV. P. 81(b). Further, while there are two federal statutes that a party may invoke to obtain a writ of mandamus (28 U.S.C. § 1361 and 28 U.S.C. § 1651), federal courts have no authority to grant mandamus relief against state officials, which is what Plaintiff seeks in this action. *See Robinson v. Illinois*, 752 F. Supp. 248, 248-49 (N.D. Ill. 1990) (citing 28 U.S.C. § 1361, which restricts federal mandamus jurisdiction to actions against "an officer or employee of the United States or any agency thereof") ("Federal courts have no general power to compel action by state officers[.]"). Section 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Unlike § 1361, § 1651 is only a mechanism by which the Court asserts its jurisdiction, it is not a source of jurisdiction. *United States v. Illinois Bell Telephone Co.*, 531 F.2d 809, 814 (7th Cir. 1976). Neither statute gives this Court jurisdiction to order Defendants to issue a ruling on Plaintiff's grievances. Whether or not Plaintiff may be entitled to relief if he were to file his action in an Illinois state court is beyond the scope of this Order.

Had Petitioner filed his claim as a federal civil rights action under 28 U.S.C. § 1983, he would similarly have failed to state a claim for any constitutional violation. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no

procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Further, even if Defendants' actions violated the applicable rules for processing grievances set out in the Illinois Administrative Code or prison policies, Plaintiff has no remedy in federal court. "The federal government is not the enforcer of state law." *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). This federal mandamus action shall therefore be dismissed with prejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 2) is **DENIED AS MOOT.**

Plaintiff has also filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3). He includes an affidavit stating that he has no employment, has no income other than occasional gifts, and has no assets or cash on hand. However, he has not tendered a complete certified copy of his inmate trust fund account statement. The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the Pontiac Correctional Center (Plaintiff's previous institution), but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court. The order shall also

direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 3) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Menard Correctional Center.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** August 22, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge